FILED-CLERK
U.S. DISTRICT COURT
00 MAR 27 PM 4:23
TEXAS-EASTERN
By Jerri Scott

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN ALBA | § | |
| VS. | § | CIVIL ACTION NO. 4:98cv221 |
| DIRECTOR, TDCJ-ID | § | |

### CERTIFICATE AS TO APPEALABILITY

Came on for consideration petitioner's notice of appeal. Petitioner has not submitted a motion for a certificate of appealability, but this court must consider this issue before consideration by the Fifth Circuit.

Petitioner is allowed to proceed *in forma pauperis* without further order of this court. The "good faith" standard to proceed *in forma pauperis* is a lower standard than that required to demonstrate a "substantial showing of the denial of a federal right" in a certificate of probable cause determination. *Barefoot v. Estelle,* 463 U.S. at 893, 103 S.Ct. at 3394. Petitioner's appeal has been presented in "good faith" and no further authorization is necessary to proceed *in forma pauperis.*

In order to be entitled to a certificate of appealability, the petitioner must make a "substantial showing of the denial of a federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394 (1983), *quoting Stewart v. Beto,* 454 F. 2d 268, 270 n.2 (5th Cir. 1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796 (1972); *Butler v. Byrne,* 845 F.2d 501, 505 (5th Cir. 1988). This standard means that the petitioner must demonstrate that the issues are subject to debate among jurists of reason; that a court *could* resolve the issues in a different manner, or that the questions are worthy of encouragement to proceed further.

In this case, these standards are not met. Although this a capital case in which "the nature of the penalty is a proper consideration in determining whether to issue a certificate of probable cause..the severity of the penalty does not in itself suffice to warrant the automatic issuance of a certificate." *Barefoot v. Estelle,* at 893, 103 S.Ct. at 3395. Petitioner must demonstrate a substantial



showing of the denial of a constitutional right in that the issues are subject to debate among jurists of reason. Petitioner's claims do not meet this standard. Petitioner's claim regarding the use of Dr. Quijano by his trial counsel does not demonstrate the ineffectiveness of counsel. Petitioner's remaining claims are without merit. It is accordingly

**ORDERED** that petitioner is not entitled to a certificate of appealability.

**SIGNED** this 27th day of March, 2000.

PAUL BROWN
UNITED STATES DISTRICT JUDGE